**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ELISHA JAMES DAVIS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| vs. | ) | Case No. 4:03CV 1790DJS(LMB) |
| | ) | |
| **DAVE DORMIRE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on the petition of Elisha James Davis for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

**Procedural History**

Petitioner is presently incarcerated at the Missouri State Penitentiary in Jefferson City, Missouri, pursuant to the sentence and judgment of the Circuit Court of Marion County, Missouri. See Pet's Exhibit B at 57-59. On July 16, 1997, petitioner was found guilty after a jury trial of one count of attempted manufacture of a controlled substance and one count of possession of a controlled substance, and was sentenced to twenty years on the attempted manufacturing count and ten years on the possession count, the sentences to be served consecutively. See id.

Petitioner raised three points on direct appeal of his convictions. See Resp't Ex. F. In his first and third points on appeal, petitioner argued that insufficient evidence was adduced at trial to support the jury's verdict for the attempted manufacture of methamphetamine and the trial court improperly instructed the jury as to that charge. See id. In his second point on appeal, petitioner argued that the

trial court erred in overruling his motion for acquittal upon his conviction for possession of methamphetamine. See id. On December 1, 1998, the Missouri Court of Appeals for the Eastern District affirmed the judgment of the trial court but remanded for re-sentencing of Count I, the Class B attempted manufacture charge, as a Class C felony. See Resp't Ex. F at 9. On November 1, 1999, the Circuit Court of Marion County re-sentenced petitioner to twenty years on Count I, to run consecutively with the ten-year sentence imposed on Count II. See Resp't Ex. G at 6.

Petitioner raised a single point on direct appeal of his convictions. See Resp't Ex. I. Petitioner argued that the trial court erred in sentencing him as a prior and persistent felony offender for the Class C felony of attempt to manufacture methamphetamine because he was not charged as a prior and persistent felony offender. See id. On November 28, 2000, the Missouri Court of Appeals for the Eastern District affirmed petitioner's convictions in an unpublished memorandum opinion. See Resp't Ex. L.

On March 16, 1999, petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence of the Circuit Court of Marion County pursuant to Missouri Supreme Court Rule 29.15. See Resp't Ex. N at 4-13. After appointment of counsel, petitioner filed an Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence. See id. at 21-34. In this motion, petitioner argued that he received ineffective assistance of counsel for the following reasons: (1) trial counsel failed to argue for concurrent sentences pursuant to the parties' pre-trial agreement; and (2) trial counsel failed to object and request a mistrial when the State made repeated references to and admitted as an exhibit petitioner's "inmate I.D. card," which constituted improper evidence of petitioner's prior convictions. See id. An evidentiary hearing was held on November 5, 2001, at which the three attorneys that had represented petitioner at various stages of the trial testified. See Resp't Ex. M. On April 1, 2002, the motion court denied petitioner's motion for post-conviction

relief in all respects.  See Resp't Ex. N at 35-38.  Petitioner timely filed a notice of appeal from the denial of post-conviction relief.  See id. at 40.

Petitioner raised two points on appeal from the denial of post-conviction relief.  See Resp't Ex. O.  Petitioner first argued that he received ineffective assistance of counsel in that counsel failed to argue for concurrent sentencing pursuant to the agreement with the State.  See id.  Petitioner next argued that he received ineffective assistance of counsel in that trial counsel failed to object to evidence of petitioner's prior convictions.  See id.  In a memorandum opinion dated March 25, 2003, the Missouri Court of Appeals for the Eastern District affirmed the denial of post-conviction relief.  See Resp't Ex. Q.

On December 15, 2003, petitioner, pro se, filed a petition for a writ of habeas corpus, raising two grounds for relief.  See Doc. No. 2.  In his first ground for relief, petitioner argues that he was denied his right to due process when the State did not uphold its portion of a pre-trial agreement by requesting that petitioner's sentences run concurrently.  In his second ground for relief, petitioner contends that he received ineffective assistance of counsel in that trial counsel denied him the right to testify on his own behalf.  In his Response, respondent argues that petitioner has procedurally defaulted both of his claims by failing to properly raise them before the state courts.  See Doc. No. 6.  On February 6, 2004, the undersigned issued an Amended Case Management Order directing respondent to respond to the merits of petitioner's claims.  (Doc. No. 10).  On March 30, 2004, respondent filed an Amended Response to Order to Show Cause, in which respondent argues that petitioner has procedurally defaulted his claims, and that petitioner's claims fail on their merits.  (Doc. No. 13).

## Discussion

**A.    Standard of Review**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000).  With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts."  529 U.S. at 405, 120 S. Ct. at 1519.  Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case."  Id.  Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  Id. at 410, 120 S. Ct. at 1521.  Although the Court failed to specifically define

"objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410, 120 S. Ct. at 1522.

**B.     Procedural Default**

Respondent argues that petitioner's grounds for relief should be denied because he has procedurally defaulted those claims by not presenting them to the appropriate state courts. It is well-established that the procedural default rule requires a habeas petitioner to pursue all available avenues of relief in the state courts before the federal courts can consider the claim. See 28 U.S.C. § 2254(b); Duvall v. Purkett, 15 F.3d 745, 746 (8th Cir. 1994). In addressing this issue, a federal court must give deference to state courts and should place great importance on state procedural rules. See Buckley v. Lockhart, 892 F.2d 715, 718 (8th Cir. 1989). By virtue of these considerations, "[a] federal court can consider the merits of a habeas corpus petition only when the prisoner has 'fairly presented to the state courts the substance of his [or her] federal habeas corpus claim.'" Id. (quoting Martin v. Salem, 801 F.2d 324, 333 (8th Cir. 1986) (internal citations omitted). To avoid procedural default, "Missouri procedure requires that a claim be presented 'at each step of the judicial process.'" Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (quoting Benson v. State, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)), cert. denied, 513 U.S. 983, 115 S. Ct. 462, 130 L.Ed.2d 370 (1994). If a petitioner cannot demonstrate cause, then the court need not determine whether the petitioner has suffered actual prejudice. See Leggins v. Lockhart, 822 F.2d 764, 768 (8th Cir. 1987), cert. denied, 485 U.S. 907, 108 S. Ct. 1080, 99 L.Ed.2d 239 (1988).

In the present case, petitioner did not raise the claim asserted in his first ground for relief on direct appeal of his convictions, either after original sentencing or after re-sentencing. Petitioner did raise this claim as an ineffective assistance of counsel claim in his post-conviction relief motion. A claim has been fairly presented when a petitioner has properly raised the "same factual grounds and

legal theories" in the state courts which he is attempting to raise in his federal habeas petition. Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996). See Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert denied, 515 U.S. 1163, 115 S.Ct. 2620, 132 L.Ed.2d 862 (1995). Petitioner did not present the same legal claim alleged in his first ground for relief to the state courts. Further, petitioner did not raise the ineffective assistance of counsel claim asserted in his second ground for relief in his post-conviction relief motion or on appeal from the denial of post-conviction relief. Thus, petitioner defaulted his claims by failing "to present them to the Missouri courts at any stage of his direct appeal or his post-conviction proceedings." Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). See Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997) (stating that a petitioner's "failure to file a timely Rule 24.035 post-conviction motion constitutes" a procedural default).

Petitioner fails to allege "cause" for his procedural default. As such, this court need not address the "actual prejudice" prong of the inquiry. See Leggins, 822 F.2d at 768. A federal habeas court may also reach the merits of procedurally defaulted claims where the petitioner can demonstrate that a "miscarriage of justice" exception applies. This narrow exception is limited to extraordinary circumstances where actual innocence can be demonstrated. See Murray v. Carrier, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649, 91 L.Ed.2d 397 (1986). The Petitioner must show that a constitutional violation "probably resulted" in the conviction of an innocent person. See Schlup v. Delo, 513 U.S. 298, 326-29, 115 S. Ct. 851, 867-68, 130 L.Ed.2d 808 (1995). Put another way, the petitioner must "show that it is more likely than not that 'no reasonable juror' would have" found petitioner guilty beyond a reasonable doubt. Id. at 329, 115 S. Ct. at 867. Petitioner does not allege that he is "actually innocent" of the crimes. Thus, the undersigned recommends that petitioner's grounds for relief be dismissed as procedurally defaulted.

C.        **Petitioner's Claims**

The court has already pointed out that petitioner's grounds for relief are barred by the procedural default rule. Even if these claims were not procedurally defaulted, his claims fail on their merits as well. Petitioner alleges two grounds for relief. The undersigned will address each claim in turn.

1.        **Ground One**

In his first ground for relief, petitioner argues that he was denied his right to due process when the State did not uphold its portion of a pre-trial agreement by requesting that petitioner's sentences run concurrently.

At the evidentiary hearing held in connection with petitioner's post-conviction relief motion, petitioner's attorney introduced a letter to the prosecutor written by Raymond Legg, who represented petitioner prior to trial, indicating that petitioner agreed to the consolidation of offenses in exchange for a recommendation by the prosecution for concurrent sentences. See Resp't Ex. M at 7-9. Mr. Legg testified that the trial judge was never informed of such an agreement. See id. at 12-15. Mr. Legg indicated that he did not know whether the trial judge would have accepted the agreement had he known about it. See id. at 15. Mr. Legg further testified that he received plea bargain offers from the prosecutor after the cases were consolidated, which petitioner rejected. See id. at 10. William Ekiss, who represented petitioner at trial, testified that he was unaware of a pre-trial agreement. See id. at 20-21. Mr. Ekiss stated that because petitioner had rejected plea offers and had decided to go to trial, he was under the impression that there were no agreements. See id. Mark Evans, petitioner's sentencing attorney, testified that he was unaware of a pre-trial agreement with the prosecution whereby the prosecutor would recommend concurrent sentencing. See id. at 33. Mr. Evans indicated

that he did not request concurrent sentencing because he did not believe that the trial judge would

grant his request.  See id. at 34.

When a pre-trial agreement is breached, the absence of prejudice will prelude habeas corpus

relief.  See Spillers v. Housewright,  692 F.2d 524, 526-27 (8th Cir. 1982).

At petitioner's original sentencing proceeding, the trial judge made the following remarks:

THE COURT: The Court looks upon this as about as serious a drug offense as it ever has encountered since it's been on the bench.  Here is a man who is now convicted of his fourth drug offense.  One of them was selling, is that right, [prosecutor]?

[PROSECUTOR]: Yes, sir.

THE COURT: Selling drugs.  Attempt to manufacture methamphetamine and possession of methamphetamine, a controlled substance in each case.
...

THE COURT: ...In short, your man has been to the well several times, [defense counsel].
...

THE COURT: And this is becoming a terrible situation, particularly in this part of the State. I am advised that there's a possibility that Missouri is second only to California in the manufacture of methamphetamine.
    Apparently, your client won't quit.  The criminal system has tried everything to bring him about, but he doesn't learn.  He won't quit.  But it's my duty to see to it that he's removed from this society.  I don't want him out there at the junior high school selling drugs the next time he's caught.
    So on the charge of attempt to manufacture a controlled substance, methamphetamine, the Court sentences him to serve a term of thirty-five years in the Department of Corrections of the State of Missouri.
    And on the charge of possession of a controlled substance, methamphetamine, the Court sentences him to serve a term of ten years in the Department of Corrections of the State of Missouri.
    That sentence to run consecutively with the thirty-five year sentence he receives on the first sentence.

[PROSECUTOR]: Judge, I think you do need to make a record pursuant to the new statute as to the fact that that would be without parole.

THE COURT: Yes.  That will be without parole in each instance.  I hope the message goes forth from here today that if you're going to deal in drugs in this area and you're convicted, you're going to serve some time.  We intend to stop this up in this part of the country.

Resp't Ex. A-2 at 381-84. In the order denying petitioner's motion for post-conviction relief, the motion court judge, who was also the re-sentencing judge, held that petitioner failed to show that the trial judge or the re-sentencing judge would have imposed concurrent sentences even if the prosecutor had recommended it. See Resp't Ex. N at 37. Further, the Missouri Court of Appeals held that petitioner failed to show that the outcome of sentencing would have been different had trial counsel brought the agreement to the trial court's attention. See Resp't Ex. Q at 6.

The undersigned finds that, assuming a pre-trial agreement existed, petitioner has failed to demonstrate prejudice as a result of the prosecutor's failure to uphold his portion of the agreement. The sentencing judge clearly indicated that he sought to impose the stiffest possible sentence on petitioner due to petitioner's recidivism. As such, petitioner cannot show that the outcome would have been different had the prosecutor recommended concurrent sentences.

Accordingly, the undersigned recommends that petitioner's first ground for relief be denied.


## 2.    Ground Two

In his second ground for relief, petitioner contends that he received ineffective assistance of counsel in that trial counsel denied him the right to testify on his own behalf.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances, and additionally, the petitioner must show that he was prejudiced by his attorney's action or inaction. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A petitioner must show that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." Id. "Prejudice" is shown by a petitioner when it is demonstrated that there is a reasonable probability

that but for counsel's errors, the result of the proceeding would have been different. Id. at 694, 104 S. Ct. at 2068. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Id. The petitioner must not only assert prejudice, but must affirmatively prove that prejudice was present. See id. at 693, 104 S. Ct. at 2067. Further, Counsel's decision not to interview or call a particular witness is evaluated from the perspective of counsel at the time the decision was made. Parker v. Bowersox, 94 F.3d 458, 461 (8th Cir. 1996). The question is whether trial counsel's performance, when viewed in this light, fell "outside the wide range of professionally reasonable performance." Id. (citing Strickland, 406 U.S. at 687, 104 S. Ct. at 2064).

In this case, petitioner alleges that he was denied his right to testify. Petitioner, however, does not indicate what the substance of his testimony would have been. Petitioner does not claim that he is innocent of the crimes charged. Further, at sentencing and at re-sentencing, petitioner testified that he was satisfied with the services provided to him by his trial attorney and that his attorney did everything that he asked him to do during the trial and refrained from doing the things that he asked him not to do. See Resp't Ex. A-2 at 386-87; Resp't Ex. G at 9. Petitioner cannot show that but for counsel's decision not to call him, the outcome would have been different. Thus, petitioner cannot show adequate prejudice. For these reasons, petitioner fails to show trial counsel rendered constitutionally ineffective assistance.

Petitioner's second claim demonstrates the wisdom of the procedural default rule. The petitioner failed to allege in either his pro se post-conviction motion under Rule 29.15 or his amended motion the claim that his attorney did not permit him to testify. An evidentiary hearing was held on the amended motion at which petitioner's trial attorney testified. If petitioner had raised the right to testify issue in either his pro se motion under Rule 29.15 or his amended motion, at the evidentiary hearing, petitioner's trial attorney could have been questioned on the right to testify. The trial

attorney could have provided information, perhaps crucial, on the question whether the attorney had prevented petitioner from testifying on his own behalf. Because the right to testify had not been raised by the petitioner at the time of the evidentiary hearing, that subject was not pursued. The petitioner, by failing to raise the issue timely in the pro se or amended motions, closed the door himself on that issue.

Accordingly, the undersigned recommends that petitioner's second ground for relief be denied.


**D.      Certificate of Appealability**

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)); Tokar v. Bowersox, 1 F. Supp.2d 986, 1016 (E.D. Mo. 1998). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the petition of Elisha James Davis for a writ of

habeas corpus under 28 U.S.C. § 2254 be **denied.**

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued.


The parties are advised that they have eleven (11) days, until October 9, 2006, to file written

objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension

of time for good cause is obtained, and that failure to file timely objections may result in a waiver of

the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).


Dated this 28th  day of September, 2006.



LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE